[630 NYS2d 372]

In the Matter of PAUL A. LEFF, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 14, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Christy & Viener,* New York City *(Arthur Christy* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 17 allegations of professional misconduct. The respondent was originally charged with 18 allegations but Charge Sixteen was withdrawn by the petitioner. The Special Referee sustained Charges One, Three, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Seventeen. The Special Referee did not sustain Charges Two, Nine, Ten, and Eighteen. The petitioner moves to confirm the report of the Special Referee with respect to the charges that were sustained and to disaffirm the report of the Special Referee insofar as it did not sustain four charges. The respondent cross-moves to disaffirm the report of the Special Referee insofar as it sustained 13 charges and to confirm the report of the Special Referee insofar as it did not sustain four charges.

The 17 charges are based on the following factual allegations.

1. On or about December 18, 1986, the respondent represented Ralph Grosso, Jr. and Jacqueline Grosso, his wife, in the purchase of a condominium located at 382 Sprague Avenue, Staten Island, New York.

2. On or about June 23, 1987, the respondent represented Ralph Grosso, Sr. and Ida Grosso, his wife, in the refinance of their home, located at 1561 59th Street, Brooklyn, New York. A $150,000 mortgage was obtained from the Dime Savings Bank of New York.

3. On or about July 8, 1987, the respondent represented Ralph Grosso, Sr. and Ida Grosso, his wife, in the purchase of a condominium located at 374 Sprague Avenue, Staten Island, New York.

4. In or about March 1988, an agreement was entered into between Fairmount Development Corporation, of which the respondent was a principal, and "Ralph Grosso, Jacqueline Grosso and Ida Grosso". The agreement provided that Fairmount would:

a) pay the carrying costs on the two units owned by the Grossos, including the mortgage payments on the Grossos' home in Brooklyn, an equity line of credit, real estate taxes, and common charges;

b) be in control of renting the units and collect the rents thereon;

c) be in control of selling the two units;

d) guarantee a purchase price of $292,000 for the two units and $146,000 for each unit individually; and

e) be entitled to any difference between the actual sale price of the units and the guaranteed price.

5. The agreement was signed by the respondent as the authorized representative of Fairmount Development Corporation.

6. Fairmount Development Corporation failed to make all of the payments as required by the agreement.

7. On or about August 9, 1988, the respondent represented Ralph Grosso, Jr. and Jacqueline Grosso, his wife, in the sale of the condominium located at 382 Sprague Avenue, Staten Island, New York.

8. The respondent appeared as a principal of Fairmount Development Corporation in this transaction.

9. At the August 9, 1988 closing, the purchaser of 382 Sprague Avenue delivered to Fairmount a $13,000 mortgage, representing the difference between the sale price of $159,000 and the $146,000 received by the Grossos.

10. On or about June 19, 1989, pursuant to a written agreement prepared by the respondent, a real estate transaction was entered into between "Maria Vono and Frank Vono, Ralph Grosso and Ida Grosso" wherein:

a) the deed to 374 Sprague Avenue was conveyed to Frank and Maria Vono;

b) the Grossos took back an unrecorded $146,000 mortgage which was to run for six months;

c) the $146,000 unrecorded mortgage was to be subordinate to a $40,000 recorded mortgage;

d) in the event that Frank Vono failed to pay off the $146,000 mortgage in six months, the Grossos would have the right to record the mortgage as a lien against the property and charge Frank Vono for the mortgage recording tax;

e) Frank Vono was to be responsible, during the six-month period, to make the mortgage payments to the Dime on the Grossos' Brooklyn home; and

f) the Grossos released Fairmount from its obligation to make any further payments and from all liability.

11. On or about June 19, 1989, a second agreement, prepared by the respondent, was entered into between "Ralph

Grosso, Ida Grosso, and Frank Vono and Marie Vono" which stated that:

a) the parties had negotiated the agreement and did not need to be represented by independent counsel;

b) the respondent had been requested by the parties to prepare the documents and had not been retained by any of the parties;

c) the parties had reviewed the documents prepared by the respondent and had determined that they were in conformity with their understanding;

d) the respondent was to be held harmless from all liability to any of the parties; and

e) the respondent was acting solely as a translator who was translating the agreement from the verbal wishes of the parties to the paper format.

12. At the June 19, 1989 closing, the lenders, Santoro and Volpe, were represented by Joseph Carmine, Esq.

13. The respondent prepared the mortgage and note, the deed, and other documents necessary to record the deed, including the transfer tax forms and nonmultiple dwelling affidavit for the June 19, 1989 closing. At the closing, the respondent explained to the Grossos and Vonos the forms being signed and collected reimbursement for the stamps on the deed. The respondent recorded the deed.

14. The deed was signed by Ralph Grosso, Jr., and notarized by the respondent.

15. The respondent appeared at the closing on behalf of Flagg Abstract, of which he is the sole principal, and put together the documents received from the title examiner.

16. The respondent appeared at the June 19, 1989 closing as a principal of Fairmount Development Corporation.

17. The respondent failed to instruct the Grossos on the necessity for recording the mortgage and failed to advise them that their unrecorded $146,000 mortgage would be subordinate to subsequent recorded mortgages on 374 Sprague Avenue. The $146,000 mortgage was not recorded.

18. On or about June 19, 1989, a $40,000 mortgage was obtained from the Vonos, by Frank Santoro and Nicholas Volpe, on 374 Sprague Avenue. The mortgage was recorded with the Richmond County Clerk.

19. On or about August 15, 1989, a $30,000 mortgage was obtained from the Vonos, by Frank Santoro and Nicholas

Volpe, on 374 Sprague Avenue. The mortgage was recorded with the Richmond County Clerk.

20. On or about September 27, 1989, a $108,000 mortgage was obtained from the Vonos, by Citibank, on 374 Sprague Avenue. The mortgage was recorded with the Richmond County Clerk. The proceeds of the mortgage were used to satisfy the mortgages obtained by Santoro and Volpe on June 19, 1989 and August 15, 1989.

21. The respondent represented the Vonos at the closing on the September 27, 1989 mortgage.

22. At the September 27, 1989 mortgage closing, Flagg Abstract, of which the respondent was the sole principal, put together the documents received from the title examiner.

Charge One alleged, based on factual allegations 1 through 5, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23).

Charge Three alleged, based on factual allegations 4 through 7, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20).

Charge Four alleged, based on factual allegations 4 through 8, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (A) (22 NYCRR 1200.24).

Charge Five alleged, based on factual allegations 4 through 8, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (B) (22 NYCRR 1200.24).

Charge Six alleged, based on factual allegations 7 through 9, that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20).

Charge Seven alleged, based on factual allegations 1 through 13, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (A) (22 NYCRR 1200.24).

Charge Eight alleged, based upon factual allegations 1 through 13, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (B) (22 NYCRR 1200.24).

Charge Eleven alleged, based on factual allegations 7

through 14, that the respondent engaged in conduct that adversely reflects upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3).

Charge Twelve alleged, based on factual allegations 10 through 15, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20).

Charge Thirteen alleged, based on factual allegations 10 through 16, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (A) (22 NYCRR 1200.24).

Charge Fourteen alleged, based on factual allegations 10 through 16, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-105 (B) (22 NYCRR 1200.24).

Charge Fifteen alleged, based on factual allegations 15 through 22, that the respondent engaged in conduct that adversely reflects upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3).

Charge Seventeen alleged, based on factual allegations 20 through 22, that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20).

After reviewing all the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in the enumerated charges. The petitioner's motion should be granted to the extent that it seeks to confirm the report of the Special Referee and should be otherwise denied. The respondent's cross motion should also be granted insofar as it seeks to confirm the report of the Special Referee and should otherwise be denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's prior unblemished record, and the somewhat duplicative nature of the charges. It is the decision of this Court that the respondent be suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that it seeks to

confirm the report of the Special Referee, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90 the respondent, Paul A. Leff, is suspended from the practice of law for a period of two years, commencing September 18, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Paul A. Leff, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.