[705 NYS2d 603]

In the Matter of PAUL LEFF (Admitted as PAUL ARDEN LEFF), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 20, 2000

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Melissa D. Epstein* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct. In his answer, the respondent admitted in part and denied in part the factual allegations contained in the petition and denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all of the charges against the respondent. The Grievance Committee now moves to confirm, and the respondent cross-moves to disaffirm, the report of the Special Referee.

Charge One alleged that the respondent violated an order of the Appellate Division, Second Department, dated August 14, 1995, suspending him from the practice of law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]), Judiciary Law § 90, and 22 NYCRR 691.10.

By an opinion and order of the Appellate Division, Second Department, dated August 14, 1995, the respondent was suspended from the practice of law for a period of two years commencing September 18, 1995. The opinion and order (213 AD2d 11) provided that the respondent comply with Judiciary Law § 90 and 22 NYCRR 691.10 of the Court's rules. While under suspension, the respondent maintained an IOLA account at Gateway State Bank (later known as Staten Island Savings Bank) and continued to draw checks on that account. He also signed checks and documents identifying himself as an attorney, deposited and held client funds in his IOLA account, and accepted checks identifying him as an attorney.

Charge Two alleged that the respondent filed a document containing false and misleading information with the Appellate Division, Second Department, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]), Judiciary Law § 90, and 22 NYCRR 691.10. On September 28, 1995, the respondent filed an affidavit of compliance with the Appellate Division Second Department in which he swore that he had fully and completely complied with the provisions of the order of suspension, dated August 14, 1995.

Charge Three alleged that the respondent improperly commingled personal funds with client funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46

[a]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). Between August 22, 1995 and May 13, 1996, at a time when client funds were on deposit in his IOLA account, the respondent deposited personal funds into that account.

Charge Four alleged that the respondent failed to maintain a ledger book or similar record-keeping device relating to his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). The respondent failed to maintain an escrow ledger book or any similar record-keeping device for the aforementioned IOLA account identifying the date, source, and description of each item deposited, as well as the date, payee, and purpose of each withdrawal and disbursement.

Charge Five alleged that the respondent improperly drew a check payable to cash on his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). On July 30, 1996, the respondent drew a check on his IOLA account payable to cash in the amount of $2,600.

In view of the respondent's admissions and the evidence adduced at the hearing, all five charges of professional misconduct were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he had not intended to violate the order of suspension and that he took affirmative steps to comply with it. The respondent claims that he asked the bank to change his IOLA account to an ordinary escrow account, but the bank did not comply. However, the title of the account was changed to remove the term "esquire" therefrom. The respondent also claims that he attempted to transfer the funds in his escrow account to new counsel in a timely fashion, but his clients did not cooperate, and that he was unaware that he could deposit the funds into court in nonlitigated matters. Although the respondent admits that he could have done more to comply with the order of suspension, he contends that he substantially complied with it.

The respondent's prior disciplinary history consists of a two-year suspension for numerous conflicts of interest and conduct adversely reflecting on his fitness to practice law.

Under the totality of circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, O'BRIEN, S. MILLER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Paul Leff, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Paul Leff is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.